UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'AMONTE BROWN,

        Plaintiff,

-against-

JP MORGAN CHASE & CO.,

        Defendant.

23-CV-2775 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action, invoking the Court's diversity of citizenship jurisdiction. By order dated April 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, a Manhattan resident, filed this complaint against JP Morgan Chase & Co. ("Chase"). Attached to the form complaint, which does not assert any causes of action or provide any facts about the events giving rise to this action, are: (1) Plaintiff's application for "SNAP benefit[s]"; and (2) invoices Plaintiff emailed to Chase Chief Executive Officer James Dimon, demanding a payment of $3,872,400, a credit card with a $10,000 credit limit, and a $45,000 loan. (ECF 1-2 through 1-7.)

## DISCUSSION

**A.     Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1. **Diversity of citizenship jurisdiction**

Plaintiff invokes the Court's diversity of citizenship jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Nonetheless, Plaintiff's allegation that he is a New York resident, read liberally as an allegation of citizenship, and his identification of JP Morgan Chase Bank as the sole defendant, appear to satisfy the requirement that the parties be completely diverse. *See Gutierrez v. JP Morgan Chase Bank*, No. 09-CV-2257 (LAK), 2009 WL 1059636, at *1 (S.D.N.Y. Apr. 13, 2009) (recognizing that JP Morgan Chase Bank is a citizen of Ohio for diversity purposes). However, while Plaintiff seeks more than $3 million in damages, he provides no facts explaining what his state law claims might be, what occurred, or why he is entitled to that amount of money, or any other relief. Because he has not alleged to a reasonable probability that he has state law claims for at least $75,000, Plaintiff's complaint is insufficient to establish that the Court has diversity of citizenship jurisdiction of his claims.

2. **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that

3

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke the Court's federal question jurisdiction. Even if he did, however, the complaint does not assert specific causes of action or contain facts explaining what occurred and why he is entitled to relief from Chase. Plaintiff therefore fails to show that the Court has federal question jurisdiction of his claims.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff does not demonstrate that the Court has either federal question jurisdiction or diversity jurisdiction of his claims, the Court dismisses the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), but the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff's amended complaint must comply with Rule 8 by alleging sufficient facts to suggest a plausible legal claim against the named defendants, and to demonstrate that the Court has subject matter jurisdiction of his claims.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint. Plaintiff must submit any amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-2775 (LTS). An Amended Complaint form is attached to this order. If Plaintiff fails to file an amended complaint within the time allowed, or fails to show cause to excuse such failure, the Court will enter judgment consistent with this order

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 20, 2023
           New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name          Middle Initial          Last Name

_____
Street Address

_____
County, City                    State                    Zip Code

_____
Telephone Number                Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

Defendant 2: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

Defendant 3: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

Defendant 4:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7