UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'AMONTE BROWN,

                            Plaintiff,

            -against-

JP MORGAN CHASE & CO; JP MORGAN
CHASE.COM,

                            Defendants.

23-CV-2775 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this action alleging that Defendants violated his rights. By order dated June 20, 2023, the Court dismissed the original complaint because it did not comply with federal pleading rules, and failed to show that the court had subject matter jurisdiction of the matter, and granted Plaintiff leave to replead his claims in an amended complaint. Plaintiff filed an amended complaint on July 19, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

Plaintiff, a Manhattan resident, filed this action under the court's diversity jurisdiction against JP Morgan Chase & Co. ("Chase"). In the original complaint, Plaintiff did not assert any causes of action or provide any facts about the events underlying this matter. Attachments to the complaint included: (1) Plaintiff's application for "SNAP benefit[s]"; and (2) invoices Plaintiff had emailed to Chase Chief Executive Officer James Dimon, demanding payment of $3,872,400, a credit card with a $10,000 credit limit, and a $45,000 loan. (ECF 1-2 through 1-7.)

By order date June 20, 2023, the Court dismissed the original complaint for lack of subject matter jurisdiction, because: (1) although the court arguably had diversity jurisdiction of the matter under 28 U.S.C. § 1332, because there was complete diversity of citizenship, the

complaint did not contain facts suggesting either that Plaintiff could assert any state law claims against Defendant, or that Plaintiff's claims were worth in excess of the $75,000 statutory jurisdictional amount; and (2) the lack of facts precluded the Court from determining whether Plaintiff could state any federal claims under 28 U.S.C. § 1331. The court granted Plaintiff leave to replead his claims, and to provide factual support for those claims, in an amended complaint.

In his amended complaint, Plaintiff invokes both the court's federal question and diversity of citizenship jurisdiction. (ECF 4 ¶ I.) Plaintiff makes vague references to "consumer rights" and "creditors rights," and he also lists federal statutes, including the Equal Credit Opportunity Act, 15 U.S.C. §1691; the Federal Trade Commission Act, 15 U.S.C. § 45; and 19 U.S.C. § 1592. (ECF 7 at 13, 7-1.) With respect to the Court's subject matter jurisdiction, Plaintiff asserts:

> Federal question, consumer rights and responsibilities are important to keep members of the economy stable, fully informed so that they may behave responsibly. Consumer rights are rights that are available to customers while transacting in the US Market. These rights promote fair dealings among producers including lenders and creditors and consumers, U.S citizens and U.S taxpayers. Consumer protection laws safeguard purchasers of goods and services as they may establish agreements with conditions and terms against defective products & deceptive, fraudulent business practices. Consumer protection laws are made to protect consumers' from fraudulent business practices, defective products and dangerous goods & services. Acts of Congress have been codified into regulatory law which in some areas limit, levy and prohibit certain activity, making some business practices unlawful.

> Diversity of citizenship- where the plaintiff in this case is a resident of the State of New York, the defendant, as incorporated, is incorporated as a domestic entity of The State of Delaware. As incorporated, the defendant's principal place of doing business as a domestic entity where applicable laws apply in a state different from the plaintiff, where civil action brought against the defendant, invokes diversity of citizenship federal court jurisdiction. As incorporated, the defendant is a business incorporated under the laws of the United States of America, where under Article IV Section 1 of the United States Constitution (1789), State governments, laws and lands are permissible within the Union. As I understand, in this matter, the defendant, a corporation as incorporated, is recognized as a citizen of the State of Delaware, and incorporated as a domestic entity. The claim evidently is in excess of $75,000.00 qualifying subject matter for federal court jurisdiction as the actual

sum of costs for the duties, responsibilities, obligations and burdens of appearing pro se without the benefit of an attorney, court costs and fees, together with damages to be recovered which are reasonable and in accordance with standards set by federal law in assessing value, amounts in money to be recovered considering the composition of the defendant, including its size, and the extent where the matter in dispute is in excess of $75,000.00. The claim is in excess of the sum of $75,000, totaling in the amount of $3,872,400 including court costs and fees.

(7-1 at 6-7.)

Plaintiff again attaches emails that he sent to Dimon demanding payment of $3,872,400, apparently to compensate him for Chase's failure to provide him with an unsecured personal loan and a credit card, and also in exchange for settling this lawsuit. (ECF 7-4 to 7-7.)

## DISCUSSION

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff does not allege sufficient facts to state a plausible claim for relief. Plaintiff He is apparently asserting a claim that state that he has been the victim of various crimes, but he does not allege sufficient facts about any of these incidents to suggest a viable legal claim or to explain how the named defendants are liable for any alleged violation of her rights. Moreover, it is unclear where and when any alleged violation of Plaintiff's rights took place.

The amended complaint does not remedy the deficiencies outlined in the order of dismissal. Plaintiff demands payment from Defendant without explaining what Defendant did or failed to do that violated Plaintiff's rights under either state or federal law.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3)..

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 3, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge